**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | | |
|---|---|---|---|
| EYPHRA RANSOM, | : | | |
| | : | | |
| Plaintiff, | : | Civil Action No.: | 24-2451 (RC) |
| | : | | |
| v. | : | Re Document No.: | 23 |
| | : | | |
| ALEJANDRO N. MAYORKAS, | : | | |
| Secretary of Homeland Security, *et al.*, | : | | |
| | : | | |
| Defendants. | : | | |

**MEMORANDUM OPINION**

**GRANTING DEFENDANTS' MOTION TO DISMISS**

## I. INTRODUCTION

This action is the third in a series of lawsuits in this Court filed by *pro se* plaintiff Eyphra Ransom ("Plaintiff"). Plaintiff filed this suit against Alejandro N. Mayorkas, in his official capacity as Secretary of Homeland Security and Deanne Criswell, in her official capacity as Federal Emergency Management Agency ("FEMA") Administrator (collectively, the "Defendants"), alleging discriminatory conduct due to her race, color, sex, and disability status in the form of failure to hire, employment termination, failure to accommodate, retaliation, harassment, and hostile work environment in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e to 2000e-17 ("Title VII"); the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12112 to 12117; the Rehabilitation Act of 1973, 29 U.S.C. §§ 791, 794; and the Federal Sector Equal Employment Opportunity regulation, 29 C.F.R. Part 1614. Defendants move to dismiss Plaintiff's claims for failure to state a claim upon which relief can be granted, arguing that the action is barred by the doctrines of res judicata, the claims are untimely, and Plaintiff fails to state an actionable discrimination claim. *See* Defs.' Motion to Dismiss ("Defs.'

Mot. Dismiss"), ECF No. 23.  For the reasons discussed below, the Court grants Defendants'
motion to dismiss.

## II.  FACTUAL BACKGROUND

Eyphra Ransom was a GS-13 Logistics Management Specialist within the FEMA
Logistics Systems Division.  Pl.'s Statement of Facts ("Pl.'s SOF") ¶ 1, ECF No. 1-2.  On
August 21, 2019, Plaintiff received a proposed notice of removal from federal service, citing
failure to follow instructions, absence without leave, lack of candor, and inappropriate behavior.
*Id.*  On October 16, 2019, FEMA formally removed Plaintiff from federal service, effective
October 17, 2019.  *Id.* ¶ 2.  Plaintiff appealed her removal to the Merit Systems Protection Board
("MSPB" or the "Board") and filed multiple Equal Employment Opportunity Commission
("EEOC") discrimination complaints and civil actions.  *See generally* Pl.'s SOF.

### A.  MSPB Case DC-0752-20-0145-I-1

Plaintiff filed an appeal with the MSPB on November 18, 2019, challenging FEMA's
decision to remove her.  *See* Complaint ("Compl."), Attach. 1, ECF No. 1-3.  In her appeal,
Plaintiff argued that FEMA lacked sufficient evidence for the charges leading to her removal,
misapplied the *Douglas* factors,[1] committed procedural errors by failing to provide all documents
considered for her removal, and engaged in disability discrimination and retaliation for alleged
Whistleblower activity and her exercise of rights.  *See id.*

The MSPB conducted a two-day hearing.  *See id.* at 1–2.  On July 30, 2020, the MSPB
issued its initial decision, upholding FEMA's removal of Plaintiff.  *Id.*  The Board found that
Plaintiff had not shown that she was subjected to disparate treatment based on disability, nor had

---

[1] The *Douglas* factors are used by the MSPB to assess the reasonableness of a penalty
that an agency imposes on an employee in an adverse action.  *See Douglas v. Veterans Admin.*, 5
M.S.P.B. 313 (1981).

FEMA failed to accommodate her disability.  *Id.* at 36.  Although the MSPB noted that

Plaintiff's disability may have contributed to her misconduct, it clarified that disability does not

excuse misconduct.  *Id.* at 35 (citing *Laniewicz v. Dep't Veterans Aff.*, 83 M.S.P.R. 477, ¶¶ 5–8

(1990)).  Neither the Rehabilitation Act nor the Americans with Disabilities Act "immunizes

disabled employees from being disciplined for misconduct in the workplace, provided the agency

would impose the same discipline on an employee without a disability."  *Id.* at 35–36.

Additionally, the MSPB observed that FEMA's management was unaware of Plaintiff's

diagnosis when proposing her removal and had not considered her disability in that decision.

*Id.* at 33.

      The MSPB also concluded that there were no harmful procedural errors in the process

leading to Plaintiff's termination.  *Id.* at 39–40.  Plaintiff had received the proposed removal

notice with twenty-three attached documents, providing her with sufficient information to

respond.  *Id.* at 39.  Furthermore, while the Agency's decision-maker knew of Plaintiff's prior

grievances, this knowledge did not prejudice the decision to remove her.  *Id.* at 45.  The MSPB

also determined that Plaintiff had failed to show that she was treated differently than other

similarly situated employees.  *Id.* at 52–53.  The Board's initial decision became final on

September 3, 2020, and Plaintiff was notified of her options for appeal, which included filing a

petition for MSPB Board review, a petition with the U.S. Court of Appeals for the Federal

Circuit, or filing a civil action within the designated time frames.  *Id.* at 55–63.

## B.  EEOC Appeal No. 2021000075

      Plaintiff filed a petition with the EEOC on October 3, 2020, seeking review of the MSPB

decision.  *See* Compl., Attach. 2, ECF No. 1-4.  On May 24, 2021, the EEOC Office of Federal

Operations issued a decision affirming the MSPB's decision.  *See id.*  The EEOC concluded that

(1) FEMA did not know of Plaintiff's disability until after proposing her removal, (2) FEMA was not obligated to accommodate Plaintiff during the administrative leave period, (3) the charges against Plaintiff were substantiated, and (4) FEMA had articulated legitimate, nondiscriminatory reasons for its actions, which Plaintiff failed to prove were pretextual.  *Id.* at 5.  The EEOC decision informed Plaintiff of her right to file a civil action within thirty calendar days.  *Id.* at 6.

### C.  EEOC Appeal No. 2022000766

On November 24, 2021, Plaintiff filed Appeal Number 2022000766 seeking review of a complaint, HS-FEMA-01522-2019, filed with FEMA.[2]  *See* Supplemental Memorandum ("Suppl. Mem."), Attach. 3, ECF No. 5-30.  Plaintiff alleges that she was subjected to a hostile work environment based on her race, sex, and in reprisal for prior Equal Employment Opportunity ("EEO") activity, which consisted of twenty-nine incidents.  *Id.* at 1–4.  The EEOC found that Plaintiff failed to establish that she was subjected to discriminatory or retaliatory harassment based on her protected bases.  *Id.* at 6.  The EEOC also determined that Plaintiff was subject to dismissal for the legitimate non-discriminatory basis of repeated behavioral issues.  *Id.* The EEOC advised Plaintiff of her right to file a civil action within ninety days from the date that Plaintiff received the January 31, 2023, decision.  *Id.* at 8–9.

---

[2] Plaintiff references the administrative complaint, HS-FEMA-01522-2019, which raises allegations of race and gender discrimination in a formal complaint to FEMA.  *See* Suppl. Mem, Attach. 3.  On October 20, 2021, FEMA issued a Final Agency Decision ("FAD") finding no discrimination.  *Id*. at 6–7.  Plaintiff appealed this decision to the EEOC Office of Federal Operations on November 24, 2021, leading to Appeal No. 2022000766.  *See* Suppl. Mem., Attach. 4, ECF No. 5-31.

### D.  EEOC Appeal No. 2022004160

On July 22, 2022, Plaintiff filed EEOC Appeal No. 2022004160 seeking review of EEO case HS-FEMA-01742-2021.[3]  *See* Suppl. Mem., Attach. 4.  Plaintiff's employment discrimination claims for this appeal alleged that Plaintiff was subjected to employment discrimination based on her race, national origin, sex, disability, in retaliation for prior EEO complaints evidenced by failure to hire Plaintiff for several positions and the Agency's responses to a congressional inquiry. *Id.* at 1–2.

On March 20, 2023, the EEOC issued its decision, finding that the Agency had legitimate, non-discriminatory reasons for its decisions.  *See id.* at 4–6.  The decision also notified Plaintiff of her right to request reconsideration within thirty days or file a civil action within ninety days.  *Id*. at 7–8.  That same day, Plaintiff filed a request for reconsideration.  *See* Suppl. Mem., Attach. 5, ECF No. 5-32.  On October 16, 2023, the EEOC denied the reconsideration request because Plaintiff's arguments were previously raised or should have been.  *Id*. at 2.  The denial informed Plaintiff that a civil action could be filed within ninety days. *Id*.

### E.  Civil Actions

Plaintiff filed a civil action on June 23, 2021, *Ransom v. Mayorkas*, No. 21-cv-1563 (D. Md.), seeking review of the MSPB decision affirming her termination from FEMA.  *See Ransom v. Mayorkas*, No. 21-cv-1563 (D. Md.), Mem. Op. at 3, ECF No. 45.  Plaintiff's primary argument was that MSPB had not addressed her claims of Whistleblower retaliation and Title

---

[3] On November 2, 2021, Plaintiff filed administrative complaint, HS-FEMA-01742-2021, seeking reconsideration of her discrimination claims and alleging reprisal for her prior EEO activity (HS-FEMA-01522-2019).  *See* Exhibit AQ at 2, ECF No. 5-18.  The EEOC issued a FAD on July 22, 2022, finding that FEMA had legitimate, nondiscriminatory explanations for her termination and non-selection for subsequent roles.  *See id.* at 6–9.

VII retaliation.  *See id.* at 6–7.  The Maryland District Court, however, determined that it lacked jurisdiction over the Whistleblower retaliation claim, which fell under the jurisdiction of the U.S. Court of Appeals for the Federal Circuit.  *See id.* at 6–8.  Regarding the Title VII retaliation claim, the court found that Plaintiff had not exhausted the administrative remedies required. *Id.* at 8.  The court dismissed Plaintiff's complaint without prejudice.  *Id.* at 8.

On September 15, 2022, Plaintiff filed another lawsuit, *Ransom v. Mayorkas*, No. 22-cv-2355 (D. Md.).  *See Ransom v. Mayorkas*, No. 22-cv-2355 (D. Md.), Mem. Op. at 1, ECF No. 51.  The Maryland District Court reviewed Plaintiff's claims of discriminatory conduct, including failure to hire and unlawful termination based on race, sex, and disability (autism).  *See id.*  The court dismissed Plaintiff's claims related to MSPB Case DC-0752-20-0145-I-1 and EEOC Appeal No. 2021000075 as untimely, noting that these claims were filed more than thirty days after the final decision.  *Id.* at 11.  The court also dismissed Plaintiff's claims based on EEOC Case No. HS-FEMA-01522-2019, as Plaintiff filed the civil complaint before receiving the EEOC Office of Federal Operations' final decision.  *Id.* at 12.  The court determined that the District of Columbia was the proper venue but dismissed the case due to the untimeliness and failure to exhaust administrative remedies.  *Id*. at 13–14.

Plaintiff filed an action on July 13, 2023, in the District of Maryland, which was transferred *sua sponte* to this Court, alleging failure to hire, termination, failure to accommodate, and retaliation.  *See Ransom v. Dorko*, No. 23-cv-2601, 2025 WL 870320, at *1 (D.D.C. Mar. 20, 2025).  On March 20, 2025, this Court dismissed the complaint for failure to state a claim upon which relief can be granted, pursuant to Rule 12(b)(6).  *See id.* at 4–6.

Plaintiff filed another case in this Court, *Ransom v. Mayorkas*, No. 24-cv-0692, on March 11, 2024, alleging failure to hire, wrongful termination, failure to accommodate, retaliation,

harassment, and hostile work environment in violation of Title VII of the Civil Rights Act; 42

U.S.C. §§ 2000e–2000e-17; the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12112 to

12117; the Rehabilitation Act of 1973, 29 U.S.C. §§ 791, 794; and the Federal Sector Equal

Employment Opportunity regulation, 29 C.F.R. Part 1614. *See Ransom v. Mayorkas*, No. 24-cv-

692, 2025 WL 947514, at *1 (D.D.C. Mar. 28, 2025). The Court dismissed the action finding

that Plaintiff's claims were untimely and barred by res judicata. *See id.* at 4–8.

The instant complaint was filed on January 17, 2024 in the District of Maryland, alleging

failure to hire, termination, failure to accommodate, and retaliation under Title VII, the

Rehabilitation Act, and 29 C.F.R. Part 1614. *See* Compl., ECF No. 1. Defendants filed a motion

to dismiss or, alternatively, to transfer to this district. *See* Mot. Dismiss or Transfer, ECF No. 7.

On August 23, 2024, the court granted the Defendants' motion to transfer the case to this district.

Order, ECF No. 17.

### III. LEGAL STANDARD

The Federal Rules of Civil Procedure require plaintiffs to properly "state a claim upon

which relief can be granted." Fed. R. Civ. P. 12(b)(6). A motion to dismiss under Federal Rule

of Civil Procedure 12(b)(6) tests the legal sufficiency of a complaint. *Browning v. Clinton*, 292

F.3d 235, 242 (D.C. Cir. 2002). The motion does not test a plaintiff's ultimate likelihood of

success on the merits, but rather, whether a plaintiff has properly stated a claim. A court

considering a Rule 12(b)(6) motion presumes that the complaint's factual allegations are true and

construes them in the light most favorable to the plaintiff. *See, e.g.*, *United States v. Philip

Morris, Inc.*, 116 F. Supp. 2d 131, 135 (D.D.C. 2000). Nevertheless, "[t]o survive a motion to

dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to

relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell*

*Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  To that end, a plaintiff's factual allegations

"must be enough to raise a right to relief above the speculative level, on the assumption that all

allegations in the complaint are true (even if doubtful in fact)."  *Twombly*, 550 U.S. at 555

(citations omitted).  "Threadbare recitals of the elements of a cause of action, supported by mere

conclusory statements," are insufficient to withstand a motion to dismiss.  *Iqbal*, 556 U.S. at 678.

A court need not accept a plaintiff's legal conclusions as true, *see id.*, nor must a court presume

the veracity of legal conclusions that are "couched as . . . factual allegation[s]."  *See Twombly*,

550 U.S. at 555 (citing *Papasan v. Allain,* 478 U.S. 265, 286 (1986)).

A *pro se* complaint is held to "less stringent standards than formal pleadings drafted by

lawyers."  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble*,

429 U.S. 97, 106 (1976)).  However, "even a pro se plaintiff must meet his burden of proving

that the Court has subject matter jurisdiction over the claims."  *Fontaine v. Bank of Am., N.A.*, 43

F. Supp. 3d 1, 3 (D.D.C. 2014); *see also Bickford v. Gov't of U.S.*, 808 F. Supp. 2d 175, 179

(D.D.C. 2011); *Newby v. Obama*, 681 F. Supp. 2d 53, 55 (D.D.C. 2010).  Therefore, despite the

liberality afforded *pro se* complaints, the Court "need not accept inferences unsupported by the

facts alleged in the complaint or 'legal conclusions cast in the form of factual allegations.'"

*Kaemmerling v. Lappin*, 553 F.3d 669, 677 (D.C. Cir. 2008) (quoting *Henthorn v. Dep't of Navy*,

29 F.3d 682, 684 (D.C. Cir. 1994)).

## IV.  ANALYSIS

Defendants raise four arguments seeking to dismiss this case for failure to state a claim

upon which relief can be granted.  *See generally* Defs.' Mot. Dismiss.  Specifically, they assert

that Plaintiff's complaint fails to satisfy Rule 8 of the Federal Rules of Civil Procedure,[4] the

action is barred by the doctrine of res judicata, the claims are untimely, and Plaintiff fails to state

an actionable discrimination claim. *See id.* Because this action is based on a claim underlying

an earlier action that was dismissed, it is precluded by res judicata, and the Court need not

address the remaining arguments.

### A.  Res Judicata

Defendants contend that Plaintiff's claim is barred by the doctrine of res judicata, and the

Court agrees. *See* Defs.' Mot. Dismiss at 10–12. "The doctrine of res judicata prevents

repetitious litigation involving the same causes of action or the same issues." *I.A.M. Nat'l*

*Pension Fund v. Indus. Gear Mfg. Co*., 723 F.2d 944, 946 (D.C. Cir. 1983).  In other words, it

bars "successive litigation of the very same claim, whether or not relitigation of the claim raises

the same issues as the earlier suit." *New Hampshire v. Maine*, 532 U.S. 742, 748 (2001); *see*

*Allen v. McCurry*, 449 U.S. 90, 94 (1980) ("Under res judicata, a final judgment on the merits of

an action precludes parties or their privies from relitigating issues that were or could have been

raised in that action.") (citing *Cromwell v. Cnty. of Sac*, 94 U.S. 351, 352 (1876)).  A subsequent

lawsuit will be precluded if there "has been prior litigation (1) involving the same claims or

cause of action, (2) between the same parties or their privies, and (3) there has been a final, valid

judgment on the merits, (4) by a court of competent jurisdiction." *Havens v. Mabus*, 759 F.3d

---

[4] The Court agrees that Plaintiff's Complaint is sprawling and experiences some difficulty determining which administrative actions Plaintiff is challenging and the relief being sought.  In the Statement of Facts, Plaintiff asserts that "20220004160 EEOC Request for Reconsideration is the basis of this instant appeal," yet the Prayer for Relief seeks no remedy for this appeal. *See* Compl. ¶ 31; *id*. at 22–28 (Prayer for Relief).  Instead, Plaintiff requested that the Court "address MSPB decision No. DC-0752-20-0145-I-1 and EEOC Petition Nos. 2021000075 and 2022000766." *Id*. at 22–23 (Prayer for Relief ¶ 1).  Nonetheless, Defendants have identified the key facts in Plaintiff's Complaint and mounted a successful defense against those claims.  Thus, the Court declines to dismiss the Complaint as inconsistent with Rule 8.

91, 98 (D.C. Cir. 2014) (quoting *Capitol Hill Grp. v. Pillsbury, Winthrop, Shaw, Pittman, LLC*, 569 F.3d 485, 490 (D.C. Cir. 2009)).

"Whether two cases implicate the same cause of action turns on whether they share the same 'nucleus of facts.'" *Drake v. FAA*, 291 F.3d 59, 66 (D.C. Cir. 2002) (quoting *Page v. United States*, 729 F.2d 818, 820 (D.C. Cir. 1984)). "[I]t is the facts surrounding the transaction or occurrence which operate to constitute the cause of action, not the legal theory upon which a litigant relies." *Page*, 729 F.2d at 820 (quoting *Expert Elec., Inc. v. Levine*, 554 F.2d 1227, 1234 (2d Cir. 1977)). "A judgment on the merits is one that 'reaches and determines the real or substantial grounds of action or defense as distinguished from matters of practice, procedure, jurisdiction[,] or form.'" *Sheppard v. D.C.*, 791 F. Supp. 2d 1, 7 (D.D.C. 2011) (quoting *Saylor v. Lindsley*, 391 F.2d 965, 968 (2d Cir. 1968) (internal citations omitted); *see also Nwachukwu v. Karl*, 222 F.R.D. 208, 212 (D.D.C. 2004))). To that end, "[t]he dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) is a 'judgment on the merits.'" *Federated Dept. Stores, Inc. v. Moitie*, 452 U.S. 394, 399 n.3 (1981) (internal citations omitted); *see also Okusami v. Psychiatric Inst. of Wash., Inc.*, 959 F.2d 1062, 1066 (D.C. Cir. 1992) ("A dismissal . . . pursuant to Rule 12(b)(6), is a resolution on the merits[.]").

### 1. Claims Arising from EEOC Appeal No. 075 and 766

Any claims related to EEOC Appeal No. 075 and EEOC Appeal No. 766 are precluded by res judicata. The instant complaint is based on facts that are nearly identical in time, space, origin and motivation to Plaintiff's previous suits. Indeed, the present action includes the same allegations as in *Ransom v. Mayorkas*, 24-cv-692 (D.D.C), which are also related to EEOC Appeal No. 075 and EEOC Appeal No. 766. While Plaintiff insists that EEOC Appeal No. 4160 is the basis of the present action, she simultaneously requests that the Court review the decisions

of EEOC Appeal No. 075 and EEOC Appeal No. 766.  *See* Pl.'s SOF ¶ 31; *id*. at 22–28 (Prayer

for Relief).  The complaint is also filed against the same parties—Alejandro N. Mayorkas and

Deanne Criswell—in their official capacities.  On March 28, 2025, this Court dismissed

Plaintiff's claims in Civil Action No. 24-692 arising from these administrative actions under

Federal Rule of Civil Procedure 12(b)(6).  *See Ransom v. Mayorkas*, No. 24-cv-692, 2025 WL

947514 (D.D.C. Mar. 28, 2025).  The dismissal of Plaintiff's prior case operates as an

adjudication on the merits for purposes of res judicata.  *See Haase v. Sessions*, 835 F.2d 902, 906

(D.C. Cir. 1987).  Thus, the Court's dismissal precludes any claims arising from these actions in

the present complaint.

### 2.  Claims Arising from EEOC Appeal 4160

Res judicata bars the relitigation "of issues that were or *could have been raised* in [the

prior] action."  *Drake*, 291 F.3d at 66 (emphasis in original) (quoting *Allen*, 449 U.S. at 94).

Defendants argue that claims arising from EEOC Appeal 4160 are precluded because Plaintiff

had the chance to litigate her failure to hire claims but failed to do so in *Ransom v. Mayorkas*,

No. 22-cv-2355 (D. Md.).[5]  *See* Defs.' Mot. Dismiss at 12,  Plaintiff counters that the operative

claims for the instant action could not have been brought in the previous action.  *See* Pl.'s Opp'n

to Defs.' Mot. Dismiss at 22, ECF No. 27.  To that end, the critical question is whether Plaintiff's

non-selection claims were ripe for adjudication at the time the previous action was dismissed.

---

[5] Defendants asserts that the dismissal in *Ransom v. Mayorkas*, No. 22-cv-2355 (D. Md.) was a final judgment which triggers res judicata.  *See* Defs.' Mot. Dismiss at 12.  It should be noted that this Court found that the district court's previous dismissal of Plaintiff's retaliation claims was not a final judgment on the merits because it was based on prematureness, which Plaintiff remedied.  *See Ransom v. Mayorkas*, No. 24-cv-692, 2025 WL 947514, at *8 (D.D.C. Mar. 28, 2025).  However, this Court ultimately found that the claims were time-barred, which constitutes a final judgment on the merits.  *See id*.  Accordingly, that ruling satisfies the finality requirement for res judicata to apply.

Before filing *Ransom v. Mayorkas*, No. 22-cv-2355 (D. Md.), Plaintiff initiated a series of administrative proceedings with FEMA and the EEOC.  Namely, Plaintiff filed HS-FEMA-01522-2019, alleging hostile workplace discrimination on the bases of race (African American), sex (female), and reprisal for prior protected EEO activity.  *See* Suppl. Mem., Attach. 3.  On October 20, 2021, FEMA issued a Final Agency Decision ("FAD") finding that Plaintiff failed to establish that she had been subjected to discriminatory or retaliatory harassment due to her protected bases.  *See generally id.*  Plaintiff then filed HS-FEMA-01742-2021 on November 2, 2021, seeking reconsideration of her discrimination claims and alleging reprisal for her prior EEO activity (HS-FEMA-01522-2019).  *See* Exhibit AQ at 2, ECF No. 5-18.  The EEOC affirmed the FAD on July 22, 2022, maintaining that the Agency had legitimate, nondiscriminatory explanations for her termination and non-selection for subsequent roles.  *See id.* at 6–9.  The FAD informed Plaintiff that she could either file an appeal with the EEOC within 30 days, or "file a civil action in an appropriate United States District Court within 90 days."  *Id.* at 10–11.  It also informed Plaintiff that she could file a civil action "after 180 days from the date of filing an appeal with EEOC if there has been no final decision by EEOC."  *Id.* at 11.

Plaintiff appealed the FAD once more with EEOC Appeal No. 4160, reasserting that she was discriminated and retaliated against based on her prior EEO activity (HS-FEMA-01522-2019) and adding four additional non-selection claims occurring between June and August 2021.  *See* Suppl. Mem., Attach. 4 at 1–2.  On March 20, 2023, the EEOC affirmed the FAD concluding that Plaintiff failed to establish that discrimination or unlawful retaliation occurred.  *See id.* at 6.  Plaintiff filed a reconsideration request of EEOC Appeal No. 4160, and the EEOC ultimately denied it on October 16, 2023.  *See* Suppl. Mem., Attach. 5.  Specifically, the EEOC concluded that Plaintiff "present[ed] arguments which were previously raised and considered or could have

been raised during the original appeal." *Id.* at 2. The EEOC notified Plaintiff that this decision was final and that she had no further right of administrative appeal but could file a civil action within ninety calendar days. *See id.*

Although two actions may "share the same nucleus of facts," the D.C. Circuit has made clear that "[r]es judicata does not bar parties from bringing claims based on material facts that were not in existence when they brought the original suit" suggesting that the operative date for purposes of whether a plaintiff "could have brought" a claim is the date of filing. *Apotex v. FDA*, 393 F.3d 210, 217–18 (D.C. Cir. 2004); *see also Drake*, 291 F.3d at 66–67; *Stanton v. Dist. of Columbia Court of Appeals*, 127 F.3d 72, 78–79 (D.C. Cir. 1997); *Page*, 729 F.2d at 820 n.12 (D.C. Cir. 1984). Similarly, res judicata "does not prevent parties from later bringing claims that 'would have been utterly impracticable to join' in an earlier suit," *Apotex*, 393 F.3d at 218 (quoting *U.S. Indus. v. Blake Construction Co.*, 765 F.2d 195, 205 n.21 (D.C. Cir. 1985)), or those that "could not have been anticipated when the first suit was filed." *U.S. Indus.*, 765 F.2d at 205 n.21.

The Court agrees with Defendants that the instant claims could have been brought in one of Plaintiff's previous suits. Plaintiff filed HS-FEMA-01742-2021 on November 2, 2021 and received the FAD on July 22, 2022, which formed the basis of EEOC Appeal No. 4160. After receiving the FAD, Plaintiff filed *Ransom v. Mayorkas*, No. 22-cv-2355 (D. Md.) on September 15, 2022, while simultaneously seeking reconsideration of the FAD through EEOC Appeal No. 4160. Other courts have found that a plaintiff's decision to continue pursuing administrative review—rather than including available claims in prior litigation—does not shield those claims from the res judicata consequences. *See Ashbourne v. Hansberry*, 894 F.3d 298, 302 (D.C. Cir. 2018) (emphasis in original) ("[Plaintiff], of course, had the right to prefer the continued pursuit

13

of administrative review to federal court litigation.  But that choice, like any other strategic choice a party might make to refrain from litigating a particular claim, has *res judicata* consequences.").  Res judicata still applies to claims that could have been raised in an earlier suit (*Ransom v. Mayorkas*, No. 22-cv-2355 (D. Md.)), even if the plaintiff preferred to proceed with administrative remedies at the time (EEOC Appeal No. 4160).

Nothing appears to have prevented Plaintiff from asserting the instant claims (retaliatory non-selections occurring between June and August 2021) at the date of the filing of *Ransom v. Mayorkas*, No. 22-cv-2355 (D. Md.) on September 15, 2022.  She had already obtained a right-to-sue letter from the EEOC and was well within the ninety-calendar day period to file a civil action.  *See* Exhibit AQ at 10–11.  Beyond that, the alleged non-selection violations occurred between June and August 2021, well before the Maryland suit was filed on September 15, 2022.  These retaliatory non-selection claims were not impracticable to include nor speculative in nature.  Rather, they were fully realized events that had already occurred and were known to Plaintiff at the time of filing of Plaintiff's Maryland suit (22-cv-2355).  It is clear that the material facts underlying these claims were already in existence at the time of the prior filing.  Because Plaintiff could have brought these claims in an earlier action, they are now barred under the doctrine of res judicata despite the fact that she continued to pursue the entirely voluntary administrative avenues.  Therefore, the Court concludes that Plaintiff fails to state a claim upon which relief can be granted because the claims set forth herein are barred under the doctrine of res judicata.

## V.  CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss (ECF No. 23) is **GRANTED**.

An order consistent with this Memorandum Opinion is separately and contemporaneously issued.


Dated:  June 3, 2025                                    RUDOLPH CONTRERAS
                                                        United States District Judge